# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL GARCIA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WALGREEN CO., and WALGREEN EASTERN CO., INC.,<br><br>    Defendants. | Civil Action No. 2:21-cv-00457-MJH<br><br>FIRST AMENDED COMPLAINT |

## FIRST AMENDED COMPLAINT

Plaintiff Daniel Garcia ("Plaintiff" or "Garcia"), individually and on behalf of all others similarly situated, brings this action against Defendants Walgreen Co. and Walgreen Eastern Co., Inc. ("Defendants" or "Walgreens"), and alleges as follows:

## NATURE AND SUMMARY OF THE ACTION

1. In 2020, as the ongoing coronavirus pandemic raged toward its peak,[1] Plaintiff purchased protective face masks from Defendants.

2. Defendants overcharged Plaintiff an amount equal to, and which Defendants purported to be, sales tax on the protective face masks.

3. But the overcharge was not owed because the protective face masks Plaintiff purchased were for medical purposes and everyday wear. Therefore, the protective face masks were never subject to sales tax in Pennsylvania.

---

[1] Ex. 1, Governor Tom Wolf, *Proclamation of Disaster Emergency* (Mar. 6, 2020 and extended on June 3, 2020, Aug. 31, 2020, Nov. 24, 2020, and Feb. 19, 2021).

4.      Defendants knew tax was not owed because the masks were designed and intended for medical purposes and as everyday wear, and/or because the only uses for the masks were for medical purposes and as everyday wear, making them non-taxable under Pennsylvania law (like bandages, dressings, gauze, and cotton; and headwear for everyday wear).

5.      Affirming their medical purpose, the front packaging of the masks Plaintiff purchased describe the masks as "PROTECTIVE FACE MASKS" in capital letters. On the back, in addition to boilerplate disclosures, the packaging describes the masks as: "DOUBLE LAYERED: Protective from airborne particles (dust, pollen, droplets, air pollution)[.]"[2]

6.      As to being everyday wear, the back packaging describes the masks Plaintiff purchased as: "MULTIPURPOSE: Everyone should wear a cloth face cover when they have to go out in public, for example to the grocery stores, markets, parks, restaurants, city streets, suburban neighborhoods, shopping malls, airports, bus stations, or to pick up other necessities."

 

---

[2] *See* Girls Fashion Masks, available at https://www.walgreens.com/store/c/18-rocks-girls-fashion-masks/ID=300404734-product (last accessed Apr. 22, 2021) (copy on file with Plaintiff's counsel).

7. Despite the protective face masks' design and intended dual-purposes, Defendants overcharged Plaintiff anyway, causing Plaintiff to pay money that was not owed for protective face masks the Commonwealth required his family wear whenever they left their home.[3]

8. Plaintiff brings this action under the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1-201-9.2, to recover the losses caused by Defendants' overcharges and to hold Defendants accountable as the legislature intended.

## PARTIES

9. Plaintiff is a natural person over the age of eighteen. He resides in Allegheny County, Pennsylvania.

10. Walgreen Co. is an Illinois corporation headquartered in Deerfield, Illinois.

11. Walgreen Eastern Co., Inc. is a New York corporation headquartered in Deerfield, Illinois.

12. Defendants operate brick-and-mortar and online retail stores under the brand name Walgreens.

13. Defendants own, operate, or manage at least 200 brick-and-mortar retail locations in Pennsylvania.

14. Defendants operate, control, maintain, and are otherwise responsible for the POS systems in their brick-and-mortar locations and online stores.

---

[3] Ex. 2, Pennsylvania Dept. of Health, *Order of the Secretary of the Pennsylvania Dept. of Health Directing Public Health Safety Measures for Businesses Permitted to Maintain In-person Operations*, p. 5 (April 15, 2020); Ex. 3, Pennsylvania Dept. of Health, *Order of Pennsylvania Dept. of Health Requiring Universal Face Coverings*, Section 2 (July 1, 2020).

15.     Defendants' POS systems regularly charge and collect sales tax on protective face masks sold at Defendants' brick-and-mortar locations in Pennsylvania and online to persons in Pennsylvania.

## **FACTUAL ALLEGATIONS**

16.     Plaintiff bought protective face masks from Defendants at a retail store located at 1701 William Flynn Hwy, Glenshaw, PA 15116, on October 22, 2020.

17.     Defendants advertised the protective face masks Plaintiff purchased as costing $8.99.

18.     Yet Defendants charged, and Plaintiff paid, $9.62 for the protective face masks.

19.     The extra $0.63 overcharge equals 7% of the protective face masks' advertised price.

20.     The sales receipt Plaintiff received identified the extra $0.63 charge as sales tax.[4]

21.     This representation was false and deceptive because sales tax was not owed on the protective face masks.

22.     No sales tax was owed on the protective face masks Plaintiff purchased because the protective face masks were designed and intended to be used as medical supplies and everyday wear. 72 P.S. §§ 7204(17), (26).

23.     The front packaging prominently advertised the product as a "PROTECTIVE FACE MASK" in capital letters. And the back packaging described it as: "DOUBLE LAYERED: Protective from airborne particles (dust, pollen, droplets, air pollution)[.]" *See* ¶ 6.[5]

---

[4] Ex. 4, Walgreens Receipt.

[5] Plaintiff recognizes the back packaging also contained a disclaimer that the mask "[wa]s not intended for medical use and not proven to reduce the transmission of disease." Still, Defendants clearly intended the masks to be bought and used for those purposes as Defendants advertised the

24. Without vaccines available to the public, nothing else existed to protect Plaintiff and his family against the coronavirus disease and/or illness when Plaintiff bought the protective face masks, making it clear they were designed and intended to meet consumer demand for help preventing disease and illness (and allergies).

25. This is even more evident considering Defendants did not sell protective face masks before the coronavirus pandemic, which Plaintiff alleges on information and belief.

26. Products designed and intended for these purposes qualify as "medical supplies" and are exempt from sales tax. 61 Pa. Code §§ 52.1(a), (b).

27. The back packaging of the protective face masks also instructed that "[e]veryone should wear a cloth face cover when they have to go out in public, for example to the grocery stores, markets, parks, restaurants, city streets, suburban neighborhoods, shopping malls, airports, bus stations, or to pick up other necessities." *See* ¶ 6.

28. Articles of clothing designed to be worn anytime consumers leave their homes, like the protective face masks Defendants sold Plaintiff, constitute "ordinary or everyday wear" and are also exempt from sales tax. 61 Pa. Code §§ 53.1(a), (b)(2).

29. Plaintiff lost money and the retention, use, and benefit of that money as a result of the overcharge Defendants caused him to pay on non-taxable protective face masks.

**CLASS ACTION ALLEGATIONS**

30. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

---

product as a "PROTECTIVE FACE MASK," specifically identified some dangers the masks would protect against, and instructed consumers to wear the protective face masks whenever they "[went] out in public" during the coronavirus pandemic.

31. Plaintiff seeks to certify the following Class: "All persons who purchased a protective face mask or face covering from Defendants at a retail store in Pennsylvania, or from Defendants over the internet and arranged for delivery of the protective face mask into Pennsylvania, and who were charged an amount purporting to represent sales tax on that purchase since March 6, 2020."

32. Plaintiff reserves the right to expand, narrow, or otherwise modify the Class as the litigation continues and discovery proceeds.

33. **Numerosity**. The members of the Class are so numerous that joinder is impracticable. Defendants represent they overcharged sales tax on at least 50,000 transactions of face masks in Pennsylvania. (Doc. 1, at ¶ 25.)

34. **Commonality and Predominance**. Plaintiff and each member of the Class share numerous common questions of law and fact that will drive the resolution of the litigation. For example, there is a single common answer to the question of whether Defendants violated the UTPCPL by overcharging consumers in amounts Defendants falsely represented as sales tax. The answer to this question is the same for Plaintiff and each member of the Class, and Plaintiff and each member of the Class require the same proof to answer this question. This question, and other common questions of law and fact, predominate over any individual issues.

35. **Typicality**. Plaintiff's claims are typical of those of other Class members because the claims are based on the same legal theories and arise from the same conduct.

36. **Adequacy of Representation**. Plaintiff is an adequate representative the Class because his interests and each member of the Class align. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of each member of the Class and has no interest antagonistic to any member of any Class. Plaintiff retained counsel who are competent and

experienced in the prosecution of class action litigation generally and UTPCPL litigation specifically.

37.     **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most class members would likely find that the cost of litigating their individual claim is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for Defendants. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each class member.

## COUNT I
### Violation of the Unfair Trade Practices and Consumer Protection Law
### 73 Pa. Stat. § 201-1, *et seq.*

38.     This claim is brought individually and on behalf of the Class.

39.     Plaintiff and Defendants are persons, the protective face masks are goods purchased for personal, family, and/or household use, and Defendants' conduct described herein is trade or commerce under the UTPCPL. 73 Pa. Stat. § 201-2(2)-(3), 201-9.2.

40.     Defendants' conduct described herein constitutes unfair methods of competition and unfair or deceptive acts or practices under the UTPCPL because: i) Defendants represented that goods have taxable characteristics they do not have; ii) Defendants advertised goods with intent not to sell them as advertised; and iii) Defendants engaged in fraudulent or deceptive

conduct which created a likelihood of confusion or misunderstanding. 73 P.S. § 201-2(4)(v), (ix), (xxi).

41. Defendants' use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce violates 73 P.S. § 201-3.

42. Plaintiff and the Class Members lost money or property as a result of Defendants' violations and therefore are entitled to one hundred dollars ($100) per violation under 73 P.S. 201-9.2, as well as reasonable costs and attorneys' fees and such additional relief the Court deems necessary and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. An order certifying the proposed Class, appointing Plaintiff as representative of the proposed Class, and appointing undersigned counsel as counsel for the proposed Class;

b. An order awarding one hundred dollars ($100.00) per violation of the UTPCPL, and not a refund of the overcharges that Defendants falsely represented as sales tax;

c. An order declaring protective face masks nontaxable;

d. An order awarding attorneys' fees and costs; and

e. An order awarding all other relief that is just, equitable and appropriate.

Respectfully Submitted,

Dated: April 23, 2021

*/s/ Kevin W. Tucker*
Kevin W. Tucker (He/Him/His)
Pa. No. 312144
Kevin J. Abramowicz

8

Pa. No. 320659
Chandler Steiger (She/Her/Hers)
PA Bar ID# 328891
Stephanie Moore (She/Her/Hers)
PA Bar ID# 329447
EAST END TRIAL GROUP LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
Fax. (412) 626-7101
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

Jason M. Leviton (*pro hac* forthcoming)
Lauren Godless (*pro hac* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
Tel. (617) 398-5600
jason@blockleviton.com
lauren@blockleviton.com

*Counsel for Plaintiff*